UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
Trustees of the Northeast District Council of the OPCMIA
Welfare Fund, Annuity Fund and Apprenticeship Training
Fund and the Trustees of the Operative Plasters' and Cement
Masons' International Association Local 262 Pension Fund and
Labor Management Fund and the Operative Plasters' and Cement
Masons International Association Local Union 262,

Index No.: 18civ0505

COMPLAINT

Plaintiffs,

-against-

Rockmore Contracting Corp.,

Defendant.
---------------------------------------------------------------x

Plaintiffs, Trustees of the Northeast District Council of the OPCMIA Welfare Fund, Annuity Fund and Apprenticeship Training Fund and the Trustees of the Operative Plasters' and Cement Masons' International Association Local 262 Pension Fund and Labor Management Fund (hereinafter referred to as the "Funds") and Operative Plasters' and Cement Masons International Association Local Union 262 (hereinafter referred to as the "Union") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This civil action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and the Union for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs in a timely fashion.

## PARTIES

5. The Plaintiffs Trustees are, at all relevant times, the fiduciary of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Trade Agreements in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and

515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds and Union pursuant to its Trade Agreement (hereinafter referred to as the "Agreement") between the Employer and the Union. The Funds are authorized to collect contributions which includes, but is not limited to, payments for life insurance, hospitalization, medical care, vacation, annuity, pension benefits and Painting Industry Promotion Fund and Union dues check-off on behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Agreement that concern the protection of employee benefit rights.

7. The Funds' maintains an office at 3233 Laconia Avenue, Bronx, NY 10469, in the County of Bronx.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185), which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142) and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)) and as further defined in Section 12 of the General Associations Law of the State of New York. The Union maintains its offices and is administered at 3233 Laconia Avenue, Bronx, NY 10469, in the County of Bronx.

9. Upon information and belief, the Defendant, Rockmore Contracting Corp. (hereinafter referred to as "the Employer or Defendant") at all relevant times, was and is an "employer" within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

10. Upon information and belief, the Defendant is a for-profit domestic corporation doing business in the State of New York with its principal place of business at 80 Remington Blvd., Ronkonkoma, NY in the County of Nassau.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

11. The Defendant executed an Agreement with the Union or was and still is a party to an Agreement with the Union by virtue of its membership in an Employer Association.

12. The Agreement and Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") formulated by Plaintiffs' Trustees requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement and the rules and regulations established in the Policy.

13. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the Agreement there became due and owing to the

Funds and the Union from the Employer contribution reports and fringe benefit contributions.

14. The Employer has failed and refused to remit the benefit contributions due and owing under the Agreement and in accordance with the Policy for the period August 1, 2015 through June 30, 2017 in the minimum amount of $102,529.50 to the Funds and $10,486.15 to the Union for dues and the international assessment.

15. These amounts described in Paragraph 14 above are due and owing to the Funds and Union and are based upon an audit that was conducted by the Funds' Office.

16. The Employer's failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third-party beneficiaries.

17. Pursuant to the Agreement and Policy, all delinquent contributions to the Funds shall bear interest on the delinquency amount, plus liquidated damages, auditors' fees, attorneys' fee, court costs and disbursements incurred in collection of delinquencies.

18. Accordingly, the Employer is liable to Plaintiffs for contributions in the minimum amount of $102,529.50 in fringe benefits and $10,486.15 in union dues and international assessment, plus interest, liquidated damages, auditors' fees, attorney's fees, court costs and disbursements.

19. These amounts described in Paragraph 18 above are due and owing to the Funds and Union and is based upon an audit that was conducted by Funds' Office.

### AS AND FOR A SECOND CLAIM FOR RELIEF

20. Plaintiffs repeat, reiterate and re-allege each and every allegation

contained in Paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement.

22. The Employer has failed to pay or timely pay the Fringe Benefit contributions to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payments constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

23. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff's fund the unpaid fringe benefit contributions, interest on the unpaid principal amount due, together with liquidated damages, auditors' fees, attorneys' fees, court costs and disbursements incurred in the action.

24. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

25. Accordingly, the Defendant is liable to Plaintiffs under the Agreement and the Policy concerning the payment of fringe benefit contributions under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

26.     Accordingly, the Defendant is liable to the Funds in the minimum amount of $102,529.50 in unpaid fringe benefit contributions, plus $10,486.15 in union dues and international assessment for work performed for the period August 1, 2015 through to and including June 30, 2017, plus interest, liquidated damages, auditors' fees, attorneys' fees, court costs and disbursements in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF

27.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1 through 26" above of this Complaint as if set forth at length herein.

28.     Pursuant to ERISA, the Agreement and/or Policy, the Defendant is required to timely submit current fringe benefit contributions and dues check-off and reports to Plaintiffs.

29.     Upon information and belief, the Defendant has in the past failed to timely submit current benefit fund contributions and dues check-off and reports to Plaintiffs and is in breach of the statutory obligations under ERISA and the Agreement and the Policy.

30.     During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If Defendant fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, Rockmore Contracting Corp. on all the claims for relief as follows:

As and For the First and Second Claim for Relief:

      (a) In the minimum sum of $102,529.50 representing benefit fund contributions, plus $10,486.15 in union dues and international assessment for work performed for the period August 1, 2015

    through to and including June 30, 2017, plus interest, liquidated damages, auditors' fees, attorneys' fees, court costs and disbursements all in accordance with the Trade Agreement and the Policy for Collection of Delinquent Contributions.

  (b) Attorney's fee, auditors' fees, court costs and disbursements incurred as set forth in the Trade Agreement and as/or mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D);

As and For the Third Claim for Relief:

  (a) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principle plus interest and liquidated damages.

As and For All Claims for Relief:

  (a) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
   January 18, 2018

          Respectfully submitted,

         By: *Dana L. Henke*
         Dana L. Henke, Esq.
         Barnes, Iaccarino & Shepherd LLP
         Attorneys for Plaintiffs
         258 Saw Mill River Road
         Elmsford, NY 10523
         (914) 592-1515